# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA MARIE SHABAN,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:19-cv-00111-SAB<br><br>ORDER DENYING STIPULATED REQUEST FOR SECOND EXTENSION OF TIME FOR DEFENDANT TO FILE RESPONSIVE BRIEF AND REQUIRING ORDER TO BE SERVED ON REGIONAL CHIEF COUNSEL<br><br>(ECF No. 19) |

On December 17, 2019, the parties filed a stipulated request for a second extension of time for Defendant to file a responsive brief. (ECF No. 19.) The proffered reason for the request is that defense counsel must use certain use-or-lose leave, and will be absent from the office between January 3, 2020. (Id.) The stipulation was not filed until the day after the previously ordered deadline of December 16, 2019, for Defendant to file the responsive brief. (ECF No. 18.) The Court notes that the same counsel in another matter belatedly filed a similar request for an extension of briefing due to the need to take use-or-lose lease just over ten days ago. Alvarez-Herrera v. Commissioner of Social Security, Case No. 1:19-cv-00243-SAB, ECF Nos. 15, 16. In the Court's order dated December 6, 2019, the Court admonished defense counsel for waiting until after the deadline had expired before filing the request for an extension, and initially denied the request without prejudice because there was no explanation for the late filed request.

1

1 Defense counsel then filed a statement explaining the reason for the delay and the Court granted the request. Alvarez-Herrera, Case No. 1:19-cv-00243-SAB, ECF Nos. 17, 18. In the stipulated request filed in the instant action, counsel has again not acknowledged nor provided any explanation for why the stipulated request was filed after the deadline for filing a responsive brief. (ECF No. 19.)

The Court is mindful of the Social Security Administration's growing caseload that has unfortunately not been met with an increase in the number of staff to handle such caseload. The Court has routinely granted extensions for both plaintiffs and the agency in social security matters when done in an expedient matter. Nonetheless, it appears defense counsel has failed to take heed of the Court's instructions explained in the other action.[1] As the Court previously advised defense counsel, due to the impact of social security cases on the Court's docket and the Court's desire to have cases decided in an expedient manner, requests for modification of the briefing scheduling will not routinely be granted and will only be granted upon a showing of good cause. Further, requests to modify the briefing schedule that are made on the eve of a deadline or after will be looked upon with disfavor and may be denied absent good cause for the delay in seeking an extension. If done after a deadline, the party seeking an extension must show additional good cause why the matter was filed late with the request for nunc pro tunc.

///
///
///
///
///
///
///
///
///

---

[1] The Court also advises defense counsel Michael Marriot to check the status of other pending matters before this Court to ensure that any forthcoming requests for extensions are brought well before any upcoming deadlines and adequately explain the good cause underlying such requests.

2

Accordingly, IT IS HEREBY ORDERED that:

1. The stipulated request for an extension of time for Defendant to file an opposition to Plaintiff's opening brief is DENIED; and

2. Defense counsel shall serve a copy of this order on Regional Chief Counsel for the Social Security Administration, Deborah Lee Stachel.

IT IS SO ORDERED.

Dated: **December 17, 2019**

UNITED STATES MAGISTRATE JUDGE