# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA MARIE SHABAN, | Case No. 1:19-cv-00111-SAB |
| Plaintiff, | ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | (ECF Nos. 29, 30) |
| Defendant. | |

**I.**

**INTRODUCTION**

Petitioner Cyrus Safa ("Counsel" or "Petitioner"), attorney for Teresa Marie Shaban ("Plaintiff"), filed the instant amended motion for attorney fees on January 3, 2022. (ECF No. 29.) Counsel requests fees in the net amount of $5,400.00 pursuant to 42 U.S.C. § 406(b)(1), with a credit to Plaintiff for the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") fee in the amount of $3,000.00. Plaintiff did not file an opposition to the request. On January 4, 2022, the Commissioner of Social Security ("Defendant") filed a response, specifying the filing was made in a role resembling that of trustee for Plaintiff, and that Defendant takes no position on the reasonableness of the fee. (ECF No. 18.) For the reasons discussed herein, Petitioner's motion for attorney fees shall be granted.

///

## II.

## BACKGROUND

On January 24, 2019, Plaintiff filed this action challenging the denial of social security benefits. (ECF No. 1.) On January 27, 2020, the Court issued an order granting Plaintiff's social security appeal and remanding the matter for further administrative proceedings. (ECF No. 25.) Judgment was entered for Plaintiff the same day. (ECF No. 26.) On April 24, 2020, a stipulation for the award of attorney fees in the amount of $3,000.00 pursuant to the EAJA was filed. (ECF No. 27.) The Court granted the parties' stipulated request for attorney fees in the amount of $3,000.00 on April 27, 2020. (ECF No. 28.)

Following remand, Defendant granted Plaintiff's application for benefits, entitling Plaintiff to receive approximately $61,899.00 in retroactive benefits. (See ECF No. 29 at 6.) The Commissioner withheld $15,474.75 from the past-due benefit for attorney fees. (Id.) This amount equals twenty-five percent (25%) of the retroactive benefit award. (Id. at 6 n.1.) In the instant motion, Petitioner seeks an order awarding attorney fees in the lesser amount of $5,400.00, and further ordering Petitioner to reimburse Plaintiff in the amount of $3,000.00 for the EAJA fees previously paid. (Id. at 6.)

## III.

## LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The payment of such award comes directly from the claimant's benefits. 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test

2

it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009) (quoting Gisbrecht, 535 U.S. at 793). The twenty-five percent maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. Gisbrecht, 535 U.S. at 808–09 ("§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements"). Agreements seeking fees in excess of twenty-five percent of the past-due benefits awarded are not enforceable. Gisbrecht, 535 U.S. at 807. The attorney has the burden of demonstrating that the fees requested are reasonable. Gisbrecht, 535 U.S. at 807 n.17; Crawford, 586 F.3d at 1148.

While the Supreme Court in Gisbrecht did not expressly "provide a definitive list of factors that should be considered in determining whether a fee is reasonable or how those factors should be weighed, the Court directed the lower courts to consider the 'character of the representation and the results the representative achieved.' " Crawford, 586 F.3d at 1151 (quoting Gisbrecht, 535 U.S. at 808). The Ninth Circuit has stated a court may weigh the following factors under Gisbrecht in determining whether the fee was reasonable: (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586 F.3d at 1151–52.

Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA. Gisbrecht, 535 U.S. at 796; Parrish v. Comm'r of Soc. Sec. Admin., 698 F.3d 1215, 1219 (9th Cir. 2012) (noting "the EAJA savings provision requires an attorney who receives a fee award under § 2412(d) of the EAJA in addition to a fee award under § 406(b) for the 'same work' to refund to the Social Security claimant the smaller award.").

**IV.**

**DISCUSSION**

The Court has conducted an independent check to insure the reasonableness of the

3

1  requested fees in relation to this action. <u>Gisbrecht</u>, 535 U.S. at 807.  Here, the fee agreement
2  dated December 12, 2018, between Plaintiff and Petitioner provides that: "If this matter requires
3  judicial review of any adverse decision of the Social Security Administration, the fee for
4  successful prosecution of this matter **is a separate 25% of the past due benefits awarded upon**
5  **reversal of any unfavorable ALJ decision for work before the court.**  Attorney shall seek
6  compensation under the Equal Access to Justice Act and such amount shall credit to the client for
7  fees otherwise payable for that particular work." (Decl. Cyrus Safa ("Safa Decl.") ¶ 2, ECF No.
8  29 at 20; Soc. Sec. Representation Agreement, Ex. 1, ECF No. 29-1 at 1.)  Plaintiff has been
9  awarded retroactive benefits in the amount of $61,899.00.  (ECF No. 29 at 6; Safa Decl. ¶ 4, Ex.
10 3, ECF No. 29-3 at 1.)

11        Consideration of the factors set forth in <u>Gisbrecht</u> and <u>Crawford</u> warrants no reduction of
12 the fee Petitioner seeks.  There is no indication that a reduction of fees is warranted for
13 substandard performance.  Counsel is an experienced, competent attorney who secured a
14 successful result for Plaintiff.  (<u>See</u> Safa Decl. ¶¶ 3–7, 15.)  There is no indication that Counsel
15 was responsible for any undue delay in the court proceedings: Counsel was granted one twenty-
16 eight-day extension of time to file the opening brief, but the extension was granted based upon a
17 sufficient showing of good cause; moreover, the Court expressly indicated a single thirty-day
18 extension of any part of the scheduling order would be permitted without need for Court-
19 approval.  (ECF No. 29 at 6; ECF Nos. 12, 13, 14, 15; <u>see also</u> ECF No. 5-1 at 4.)

20        Plaintiff agreed to a twenty-five percent (25%) fee at the outset of the representation.
21 However, Petitioner is only seeking approximately 8.7% of the total retroactive award, or
22 $5,400.00.  (ECF No. 29 at 8.)  The Court finds the fee is not excessively large in relation to the
23 retroactive award of $61,899.00.  In making this determination, the Court recognizes the
24 contingent nature of this case and the risk that counsel took of going uncompensated. <u>Hearn v.</u>
25 <u>Barnhart</u>, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

26        In support of the motion, Petitioner submitted a log of the time spent in prosecuting this
27 action.  (Safa Decl. ¶ 5, Ex. 4, ECF No. 17-4 at 1–2.)  The log demonstrates that Petitioner spent
28 13.5 hours on this action, and a paralegal expended 3.4 hours.  (<u>Id.</u>)  Therefore, Petitioner is

4

seeking $5,400.00 for 16.9 hours of attorney and paralegal time. When considering the total amount requested by Petitioner, the fee request translates to approximately $319.53 per hour for the services provided in this action.

In <u>Crawford</u> the Ninth Circuit found that fees of $519, $875, and $902 per hour, for time of both attorneys and paralegals, was not excessive. <u>Crawford</u>, 486 F.3d at 1153 (Clifton, J., concurring in part). Further, since <u>Gisbrecht</u>, courts note that reducing a fee request should not be routinely done and find fee awards of an effective hourly rate much higher than this to be reasonable. <u>Williams v. Berryhill</u>, No. EDCV 15-919-KK, 2018 WL 6333695, at *2 (C.D. Cal. Nov. 13, 2018) (awarding fee request that provides an effective hourly rate of $1,553.36 per hour); <u>Coles v. Berryhill</u>, No. EDCV 14-1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. Jun. 21, 2018) (effective hourly rate of $1,431.94 reasonable under the circumstances); <u>Palos v. Colvin</u>, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (fees sought translate to $1,546.39 per hour for attorney and paralegal services); <u>see</u> <u>also</u> <u>Villa v. Astrue</u>, No. CIV-S-06-0846 GGH, 2010 WL 118454, at *1, n.1 (E.D. Cal. Jan. 7, 2010) ("In practice, the more efficient counsel is in court, the higher will be the hourly fee amount represented in a § 406 fee award.").

The Court finds that the requested fees are reasonable when compared to the amount of work Petitioner performed in representing Plaintiff. Petitioner's representation of the claimant resulted in the action being remanded for further proceedings and ultimately, substantial benefits were awarded.

The award of Section 406(b) fees is offset by any prior award of attorney fees granted under the EAJA. 28 U.S.C. § 2412; <u>Gisbrecht</u>, 535 U.S. at 796. In this instance, as noted above, the parties filed a stipulation on April 24, 2020, for the award of attorney fees in the amount of $3,000.00 pursuant to the EAJA (ECF No. 27), which the Court granted on April 27, 2020 (ECF No. 28). Accordingly, the Court shall order Petitioner to reimburse Plaintiff in the amount of EAJA fees ultimately received in the amount of $3,000.00.

///

///

**V.**

**CONCLUSION AND ORDER**

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable. Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $5,400.00 is GRANTED;

2. The Court authorizes payment to Petitioner in the amount of $5,400.00, representing attorney fees being withheld from Plaintiff's past due disability benefits; and

3. Upon receipt of this sum, Petitioner shall remit $3,000.00 directly to Plaintiff as an offset for EAJA fees awarded pursuant to 298 U.S.C. § 2412.

IT IS SO ORDERED.

Dated:   **February 24, 2022**

UNITED STATES MAGISTRATE JUDGE